**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA A. PATTON,
                    Appellant,

            v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBERS
DA-1221-14-0571-X-1
DA-1221-14-0571-C-1

DATE: January 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Patricia A. Patton, Cibolo, Texas, pro se.

Adam Stoffa, Esquire, and Shannon M. Callahan, Esquire, Fort Sam
    Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in noncompliance with the parties' settlement agreement. MSPB Docket No. DA-1221-14-0571-C-1, Compliance File (CF), Tab 7, Compliance Initial Decision (CID). The

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant filed a petition for review, to which the agency responded. The agency filed a statement of compliance, to which the appellant did not respond. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We further find the agency in compliance and DISMISS the petition for enforcement. 5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS ON REVIEW AND EVIDENCE ON COMPLIANCE

¶2 On October 20, 2014, the parties entered into a settlement agreement resolving the appellant's whistleblower individual right of action appeal. MSPB Docket No. DA-1221-14-0571-W-1, Initial Appeal File (IAF), Tab 22. In pertinent part, the agency agreed to:

> [R]emove from the appellant's Official Personnel File and all other systems of record in which the appellant's file is retrievable by name all references of her reprimand, dated January 21, 2014. However, the agency may maintain a copy of this agreement and any other case-related documents in a separate file to be used only for the purposes of compliance with the agreement or for purposes of further adjudication should the Board find it necessary to reopen this appeal.

*Id.* at 5.

¶3 On October 23, 2014, the administrative judge issued an initial decision entering the settlement agreement into the record for enforcement purposes and dismissing the appeal. IAF, Tab 23, Initial Decision (ID) at 1-2. The decision became final after neither party petitioned for review.

¶4 On March 12, 2015, the appellant filed a petition for enforcement. She contended that the agency breached the settlement agreement when two management employees testified in detail about the letter of reprimand during proceedings related to her equal employment opportunity (EEO) complaints. CF, Tab 1 at 3-4.

¶5 On June 23, 2015, the administrative judge issued a compliance initial decision granting the petition for enforcement in part. The administrative judge

found that testimony by the Deputy Chief of Staff for the Installation Management Command did not breach the settlement agreement because he did not mention the letter of reprimand.  CID at 8-9; CF, Tab 5 at 18.  However, the administrative judge found that testimony by the Budget Deputy G8 (Budget Deputy) did breach the settlement agreement because he mentioned the letter of reprimand and offered to provide a copy of it to the EEO investigator.  CID at 9-10; CF, Tab 5 at 38.  The administrative judge found that the Budget Deputy's offer to provide the letter demonstrated that the agency had failed to expunge the letter and references to it from any files retrievable by the appellant's name, in violation of the settlement agreement.  CID at 12.  The administrative judge further found that this violation was a material breach of the settlement agreement.  *Id.*  Because the appellant had elected to enforce the settlement agreement, the administrative judge ordered the agency to ensure that all references to the letter were removed from the agency's systems of record retrievable by the appellant's name, including the documentation referred to during the Budget Deputy's testimony.  CID at 13.

¶6        On July 22, 2015, the appellant filed a petition for review pursuant to 5 C.F.R. §§ 1201.183(a) and 1201.183(a)(6)(ii).  MSPB Docket No. DA-1221-14-0571-C-1, Petition for Review (PFR) File, Tab 1.  She did not allege that the administrative judge erred in finding that the agency breached the settlement agreement.  Rather, she requested $150,000 in damages to remedy the agency's breach of the agreement and the negative physical and emotional consequences she suffered as a result of the breach.  *Id*. at 6.  On August 7, 2015, the agency filed a response contending that the Board lacks authority to grant the requested relief.  PFR File, Tab 3 at 4.

¶7        On July 28, 2015, the agency filed a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i).  MSPB Docket No. DA-1221-14-0571-X-1, Compliance Referral File (CRF), Tab 1.  The agency submitted a declaration from an agency Labor/Management Employee Relations Specialist averring that she

had searched the agency's hard copy files maintained at the Civilian Personnel Advisory Center and had removed from any system of records retrievable by the appellant's name all files that referenced the letter of reprimand. *Id*., Subtab A. The agency also submitted declarations from the Budget Deputy and from the Chief of the Manpower Division, Directorate of Resource Management, Installation Management Command, averring that they had deleted from their electronic files all emails and documents relating or referring to the reprimand. *Id*., Subtabs B, C.

Petition for Review

¶8 Generally, we grant a petition for review such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

¶9 As explained above, the appellant has not asserted that the administrative judge erred in finding that the agency materially breached the settlement agreement. She therefore has not articulated a basis for reversal under section 1201.115.

¶10 The appellant's sole contention on petition for review is that the Board should award her $150,000 in damages to remedy the physical and emotional toll the agency's actions have had upon her. PFR File, Tab 1 at 6. The Board has no

authority to award compensatory damages for breach of a settlement agreement. *Principe v. U.S. Postal Service*, 101 M.S.P.R. 626, ¶ 3 (2006); *see Kwartler v. Department of Veterans Affairs*, 108 M.S.P.R. 330, ¶¶ 13-14 (2008) (explaining the Board's authority to award compensatory damages in certain cases); *Seibel v. Department of Treasury*, 87 M.S.P.R. 260, ¶ 15 (2000) (same). The appellant's argument therefore offers no basis to overturn the initial decision. Accordingly, we deny the petition for review and affirm the initial decision as the Board's final decision. 5 C.F.R. § 1201.113(b).

Petition for Enforcement

¶11      A settlement agreement is a contract, and the appellant, as the nonbreaching party, bears the burden to prove "material noncompliance" with a term of the contract. *Lutz v. U.S. Postal Services*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). The agency must produce relevant and material evidence of its compliance with the agreement. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, 634 (2008).

¶12      As explained above, we affirm the administrative judge's initial decision finding that the agency materially breached the settlement agreement when the Budget Deputy offered to provide a copy of the appellant's letter of reprimand, which ought to have been expunged pursuant to the agreement. The administrative judge ordered the agency to ensure that all references to the letter were removed from the agency's systems of record retrievable by the appellant's name. The agency subsequently submitted three declarations attesting that it had done so. CRF, Tab 1, Subtabs A-C. The appellant did not respond to this submission, although the Board advised her that if she failed to respond, the Board might assume that she was satisfied and dismiss her petition for enforcement. CRF, Tab 2 at 2. After considering the agency's submissions and the appellant's failure to respond, we now assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement. This is the

final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 	_____
 	William D. Spencer
 	Clerk of the Board

Washington, D.C.